No. 23-12472

---

# In the United States Court of Appeals for the Eleventh Circuit

---

GRACE, INC.; ENGAGE MIAMI, INC.;
SOUTH DADE BRANCH OF THE NAACP;
MIAMI-DADE BRANCH OF THE NAACP;
CLARICE COOPER; YANELIS VALDES;
JARED JOHNSON; AND ALEXANDER
CONTRERAS,

*Plaintiffs/Appellees*,

v.

CITY OF MIAMI,

*Defendant/Appellant.*

---

On Appeal From The United States District Court
For The Southern District of Florida
No. 1:22-cv-24066-KMM

---

APPELLANT'S REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY
ORDER REJECTING REDISTRICTING MAP [DE94]

---

GRAYROBINSON, P.A.
Jason L. Unger (FBN 991562)
George T. Levesque (FBN 55551)
Andy Bardos (FBN 822671)
301 S. Bronough Street Suite 600
Tallahassee, Florida 32301
Telephone: (850) 577-9090
junger@gray-robinson.com
glevesque@gray-robinson.com
abardos@gray-robinson.com

GRAYROBINSON, P.A.
Christopher N. Johnson (FBN 69329)
Marlene Quintana, B.C.S. (FBN 88358)
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Christopher.Johnson@gray-robinson.com
Marlene.Quintana@gray-robinson.com

CITY OF MIAMI
VICTORIA MÉNDEZ, City Attorney
Florida Bar No. 194931
JOHN A. GRECO, Chief Deputy City Attorney
Florida Bar No. 991236
KEVIN R. JONES, Deputy City Attorney
Florida Bar No. 119067
KERRI L. MCNULTY,
Litigation & Appeals Division Chief
Florida Bar No. 16171
Office of the City Attorney
444 S.W. 2nd Avenue
Miami, FL 33130
Telephone: (305) 416-1800
*Attorneys for Defendant/Appellant*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Appellant, the City of Miami, furnishes this certificate of interested persons

and corporate disclosure statement.

1.     Abbott, Carolyn, Plaintiff/Appellee's expert

2.     ACLU Foundation of Florida, Inc., Counsel for Plaintiffs/Appellees

3.     Alford, John, Defendant/Appellant's expert

4.     Bardos, Andy, Counsel for Defendant/Appellant

5.     Carollo, Joe, Defendant/Appellant

6.     City of Miami, Defendant/Appellant

7.     Cody, Steven, Defendant/Appellant's expert

8.     Contreras, Alexander, Plaintiff/Appellee

9.     Cooper, Clarice, Plaintiff/Appellee

10.     Covo, Sabina, Defendant/Appellant

11.     De Grandy, Miguel, Defendant/Appellant's expert

12.     Dechert LLP, Counsel for Plaintiffs/Appellees

13.     Diaz de la Portilla, Alex, Defendant/Appellant

14.     Engage Miami, Inc., Plaintiff/Appellee

15.     GrayRobinson, P.A., Counsel for Defendant/Appellant

16.     Grace, Inc., Plaintiff/Appellee

17.     Greco, John A, Counsel for Defendant/Appellant

18.     Johnson, Christopher N., Counsel for Defendant/Appellant

19.    Johnson, Jared, Plaintiff/Appellee

20.    Jones, Kevin R., Counsel for Defendant/Appellant

21.    King, Christine, Defendant/Appellant

22.    Kirsch, Jocelyn Kirsch, Counsel for Plaintiff/Appellee

23.    Levesque, George T., Counsel for Defendant/Appellant

24.    McCartan, Cory, Plaintiff/Appellee's expert

25.    McNamara, Caroline A., Counsel for Plaintiff/Appellee

26.    McNulty, Kerri L., Counsel for Defendant/Appellant

27.    Méndez, Victoria, Counsel for Defendant/Appellant

28.    Merken, Christopher J., Counsel for Plaintiff/Appellee

29.    Miami-Dade Branch of the NAACP, Plaintiff/Appellee

30.    Moore, K. Michael, United States District Judge, Southern District of Florida

31.    Moy, Bryant J., Plaintiff/Appellee's expert

32.    Quintana, Marlene, Counsel for Defendant/Appellant

33.    Reyes, Manolo, Defendant/Appellant

34.    South Dade Branch of the NAACP, Plaintiff/Appellee

35.    Steiner, Neil A., Counsel for Plaintiff/Appellee

36.    Suarez, Francis, Defendant/Appellant

37.    Tilley, Daniel T., Counsel for Plaintiff/Appellee

38.    Unger, Jason L., Counsel for Defendant/Appellant

39.    Valdes, Yanelis, Plaintiff/Appellee

40.    Warren, Nicholas L.V., Counsel for Plaintiff/Appellee

41.    Wysong, George, Counsel for Defendant/Appellant

Appellant, the City of Miami, certifies that, to the best of its knowledge, no publicly traded company or corporation has an interest in the outcome of the case or appeal.

**APPELLANT'S REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY ORDER REJECTING REDISTRICTING MAP [DE94]**

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure, Appellant/Defendant, City of Miami (the "City"), files this reply memorandum of law in support of its Emergency Motion to stay the trial court's Order rejecting its redistricting plan (the "Motion") (ECF 2) and in reply to Plaintiff/Appellees' Response Memorandum (the "Response") (ECF 10).

Plaintiffs premise their Response on flawed procedural arguments. They try to make a rhetorical point, rather than a legal argument, that there is no status quo to preserve because the City passed a new map. Plaintiffs ignore the procedural posture of this case. There has been no trial. Neither the Enjoined Plan nor the New Plan have been found to be unconstitutional. The Court issued an injunction finding a likelihood of success based upon evidentiary points and enjoined going forward on that old map, but it mandated no map in the injunction. The City Commission is a legislative body. It was not stripped of its law-making authority by the Injunction. It passed a new map. The validly passed new map is not remedial in the sense that the Enjoined Plan is no longer at issue and will not be the district map regardless of the outcome of this case.[1]  That new, lawfully passed

---

[1] For this reason, after the stay was entered by this Court, the City provided the Miami-Dade County Elections Department with its New Plan, otherwise the County may have set the election pursuant to the Enjoined Plan. Plaintiffs also complain that the City did not provide Plaintiffs' plan to the County elections department on July 31, 2021, but this Court issued a stay of that order. While Plaintiffs themselves provided data to the elections department with regard to their

map has now been enjoined by a District Court that also issued a mandatory

injunction to conduct an election pursuant to a different map.  Neither this Court

nor the lower court would be "implementing" the law.  It would simply not be

barring the law from being in effect.  The City's motion for stay, therefore, seeks

to preserve the status quo.  Without the stay, allowing the Mandated Map to go into

effect near the eve of the scheduled City-wide election threatens to compromise the

integrity and outcome of the entire election process.

The second procedural point is also deeply flawed.  Plaintiffs contend that

the principle pronounced in *Purcell v. Gonzalez*, 549 U.S. 1 (2006), that "federal

district courts ordinarily should not enjoin state election laws in the period close to

an election," has somehow been waived by virtue of the City complying with a

court order to participate in setting a remedial schedule pursuant to the Injunction.

As an initial matter, the Injunction itself recognized the *Purcell* principle

may be applicable because it left the City without an election map. DE 52 p.99.

Plaintiffs filed no objection to that finding.  The *Purcell* issue was always part of

the process.  Additionally, *Purcell* is not waivable.

> We are doubtful that the *Purcell* principle is subject to
> the ordinary rules of waiver (or perhaps more accurately
> here, forfeiture). As when considering jurisdictional
> limitations, we have an independent obligation to "weigh
> ... considerations specific to election cases.".  When we
> are "[f]aced with an application to enjoin" voting laws

---

Map 4, the plan mandated by the Court is just a picture of a map without
underlying data at a block level as would be necessary for the Elections
Department to act.

close to an election—or, as here, a request to stay such an injunction—we are "required to weigh" the injunction's impact for an upcoming election.

*League of Women Voters of Fla., Inc. v. Florida Sec. of State*, 32 F.4th 1363, 1371 n.4 (11th Cir. 2022) (citations omitted).

The Court below exercised what it perceived to be its remedial authority to ensure any new plan corrected rather than perpetuated the alleged harm of racial sorting. But the Mandated Plan then exacerbated that very racial sorting, something Plaintiffs label "irrelevant." ECF 10 p.22.[2] The City has not ceded the right to challenge that decision; indeed how could it challenge the decision before it was made? In the end, the thrust of Plaintiffs' Response underscores the points made in the Motion. It was not the City's burden to prove that the New Map was constitutional. The court below impermissibly shifted that burden and did not afford the City the presumption of good faith.

Plaintiffs' argument that the City waived any right to raise *Purcell* because of its own proposed schedule is also meritless. Miami-Dade County's Election Department stated that it needed to have election information by August 1, 2023,

---

[2] In *Jacksonville Branch of NAACP v. City of Jacksonville ("Jacksonville II")*, No. 3:22-cv-493-MMH-LLL, 2022 WL 17751416 (M.D. Fla. Dec. 19, 2022), the Court found that Black voters were stripped from Districts and packed together diminishing their influence elsewhere. *Id*. at *2. While the city's remedial plan maintained that packing (*id*. at *12-14), the plaintiffs' plans in that case "do not maintain the same level of racial segregation." *Id*. at *15. Here, it has been flipped on its head.

for the November 7 election.  This was not a date set by the City. [3]  That date is less than four months before the election.  In the Objection to the R&R, the City pointed out that the injunction sets no map and that the whole process will run afoul of *Purcell* by the time a map is identified for the August 1 deadline.  DE 56 pp.19-20; DE 59 pp.5-6.  The Injunction nevertheless ordered the parties to a status conference to discuss scheduling.  DE 60 p.32.  The City cannot have waived the *Purcell* principle by complying with the court-ordered process and giving fair notice to the court and the Plaintiffs of the impracticability of the timeline utilized by the district court.

WHEREFORE, the City respectfully asks this Court to stay the Order pending appeal.

Respectfully submitted,

---

[3] The Miami-Dade County's re-precincting process is complicated and time consuming (DE 24-30).  The County needs a detailed map with exact district boundaries.  *Id*.  The City had over a month to work with its Geographic Information Systems team to put the information together for the County.  With the Mandated Map, the County would have to start from scratch, adding further confusion and delay, and further running afoul of *Purcell*.  For instance in District 1, up for election, the Moore map splits ten existing precincts and their polling places.  This is more than any other commission district.  District 1 is the only district that has splits with all of the other four districts. This is blatantly confusing to residents and clearly disenfranchises voters.  Moreover it is difficult for the Department of Elections to implement and manage the precincts and the designated polling places in such a short timeframe.  The other two districts up for election have similar precinct division.  In District 2 both Precinct 984 and 534 are split.  In District 4, we find three precincts are split (545, 596 and 670).  In the other two districts not up for election, the following precincts are also split leading to further voter confusion and disenfranchisement:  581, 564, 669, 566, 534, 984, and 536

By: _s/ George T. Levesque_
GRAYROBINSON, P.A.
Jason L. Unger, Esquire
Florida Bar No. 991562
George T. Levesque
Florida Bar No. 55551
Andy Bardos
Florida Bar No. 822671
301 S. Bronough Street
Suite 600
Tallahassee, Florida 32301
Telephone: (850) 577-9090
Facsimile: (850) 577-3311

GRAYROBINSON, P.A.
Christopher N. Johnson
Florida Bar No. 69329
Email:
Marlene Quintana, B.C.S.
Florida Bar No. 88358
Email: Marlene.Quintana@gray-robinson.com
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

CITY OF MIAMI
VICTORIA MÉNDEZ, City Attorney
Florida Bar No. 194931
JOHN A. GRECO, Chief Deputy City Attorney
Florida Bar No. 991236
KEVIN R. JONES, Deputy City Attorney
Florida Bar No. 119067
KERRI L. MCNULTY,
Litigation & Appeals Division Chief
Florida Bar No. 16171
Office of the City Attorney
444 S.W. 2nd Avenue
Miami, FL 33130
Telephone: (305) 416-1800
Facsimile: (305) 416-1801

10

*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,189 words, excluding the parts that can be excluded. This motion also complies with Federal Rule of Civil Procedure 32(a)(5)-(6) because it has been prepared in a proportionally spaced face using Microsoft Word, 14-point Times New Roman font.

/s/ *George T. Levesque*
George T. Levesque
Florida Bar No. 55551
GRAYROBINSON, P.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 2, 2023, the foregoing was filed with the Court's CM/ECF system generating service upon all counsel of record.

/s/ *George T. Levesque*
George T. Levesque
Florida Bar No. 55551
GRAYROBINSON, P.A.
