No. 23-12472

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

GRACE, INC., ET AL.,

*Plaintiffs-Appellees,*

v.

CITY OF MIAMI,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Southern District of Florida, No. 1:22-cv-24066 (Moore, J.)

## PLAINTIFFS-APPELLEES' RESPONSE TO CITY OF MIAMI'S MOTION TO STRIKE NOTICE OF SUPPLEMENTAL AUTHORITY

Nicholas L.V. Warren
**ACLU FOUNDATION OF FLORIDA**
336 East College Avenue, Ste. 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Caroline A. McNamara
Daniel B. Tilley
**ACLU FOUNDATION OF FLORIDA**
4343 West Flagler Street, Ste. 400
Miami, FL 33134
(786) 363-2714
cmcnamara@aclufl.org
dtilley@aclufl.org

Neil A. Steiner*
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
neil.steiner@dechert.com

Christopher J. Merken
**DECHERT LLP**
Cira Centre
2929 Arch Street,
Philadelphia, PA 19104
(215) 994-4000
christopher.merken@dechert.com
* *Not admitted in the Eleventh Circuit*

*Attorneys for Plaintiffs-Appellees*

No. 23-12472 — *GRACE, Inc. v. City of Miami*

**CERTIFICATE OF INTERESTED PERSONS**

Under FRAP 26.1 and this Circuit Rule 26.1, Plaintiffs-Appellees certify that the following have an interest in the outcome of this appeal:

1. Abott, Carolyn, *Testifying Expert for Plaintiffs-Appellees*
2. ACLU Foundation of Florida, Inc., *Counsel for Plaintiffs-Appellees*
3. Alford, John, *Testifying Expert for Defendant-Appellant*
4. Bardos, Andy, *Counsel for Defendant-Appellant*
5. Carollo, Joe, *Defendant-Appellant*
6. City of Miami, *Defendant-Appellant*
7. Cody, Steven, *Defendant-Appellant's expert*
8. Contreras, Alexandra, *Plaintiff-Appellee*
9. Cooper, Clarice, *Plaintiff-Appellee*
10. Covo, Sabina, *Defendant-Appellant*
11. De Grandy, Miguel, *Testifying Expert for Defendant-Appellant*
12. Dechert LLP, *Counsel for Plaintiffs-Appellees*
13. Díaz de la Portilla, Alex, *Defendant-Appellant*
14. Engage Miami, Inc., *Plaintiff-Appellee*
15. GrayRobinson, P.A., *Counsel for Defendant-Appellant*
16. Grove Rights and Community Equity, Inc. (GRACE), *Plaintiff-Appellee*
17. Greco, John A., *Counsel for Defendant-Appellant*

No. 23-12472 — *GRACE, Inc. v. City of Miami*

18. Johnson, Christopher N., *Counsel for Defendant-Appellant*

19. Johnson, Jared, *Plaintiff-Appellee*

20. Jones, Kevin R., *Counsel for Defendant-Appellant*

21. King, Christine, *Defendant-Appellant*

22. Kirsch, Jocelyn, *Counsel for Plaintiffs-Appellees*

23. Levesque, George T., *Counsel for Defendant-Appellant*

24. Louis, Lauren F., *U.S. Magistrate Judge, Southern District of Florida*

25. McCartan, Cory, *Testifying Expert for Plaintiffs-Appellees*

26. McNamara, Caroline A., *Counsel for Plaintiffs-Appellees*

27. McNulty, Kerri L., *Counsel for Defendant-Appellant*

28. Méndez, Victoria, *Counsel for Defendant-Appellant*

29. Merken, Christopher J., *Counsel for Plaintiffs-Appellees*

30. Miami-Dade Branch of the NAACP, *Plaintiff-Appellee*

31. Moore, K. Michael, *U.S. District Judge, Southern District of Florida*

32. Moy, Bryant J., *Testifying Expert for Plaintiffs-Appellees*

33. NAACP Florida State Conference, *State Affiliate of Plaintiffs-Appellees*

34. Quintana, Marlene, *Counsel for Defendant-Appellant*

35. Reyes, Manolo, *Defendant-Appellant*

36. NAACP, *National Affiliate of Plaintiffs-Appellees*

37. South Dade Branch of the NAACP, *Plaintiff-Appellee*

38. Steiner, Neil A., *Counsel for Plaintiffs-Appellees*

39. Suarez, Francis X., *Defendant-Appellant*

40. Tilley, Daniel B., *Counsel for Plaintiffs-Appellees*

41. Unger, Jason L., *Counsel for Defendant-Appellant*

42. Valdes, Yanelis, *Plaintiff-Appellee*

43. Warren, Nicholas L.V., *Counsel for Plaintiffs-Appellees*

44. Wysong, George, *Counsel for Defendant-Appellant*

## CORPORATE DISCLOSURE STATEMENT

Under FRAP 26.1, Plaintiffs-Appellees certify that GRACE, Inc.; Engage Miami, Inc.; South Dade Branch of the NAACP; and Miami-Dade Branch of the NAACP each has no parent corporation, and no publicly held corporation owns 10% or more of any of those entities' stock. The remaining Plaintiffs-Appellees are individual persons.

Counsel for Plaintiffs-Appellees further certify that no publicly traded company or corporation has an interest in the outcome of this case or appeal.

Dated: August 4, 2023          /s/ Daniel B. Tilley

Daniel B. Tilley
**ACLU FOUNDATION OF FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org

# RESPONSE

Plaintiffs-Appellees respond to the City's motion to strike (App. Doc. 19) Plaintiffs' Rule 28(j) letter (App. Doc. 13).

The City claims that a 28(j) letter always distinguishes between "authorities" and "evidence." App. Doc. at 6. The City acknowledges a general rule well enough but overstates its applicability. For example, one court relied on *factual* assertions in a 28(j) letter to find that a case was not moot. *Bos. Bit Labs, Inc. v. Baker*, 11 F.4th 3, 7 (1st Cir. 2021) ("Critically for this case, after briefing but before oral argument, Governor Baker told us by letter (submitted under Federal Rule of Appellate Procedure 28(j)), and publicly announced, that he had terminated the COVID-19 state of emergency by issuing 'COVID-19 Order No. 69' — which ultimately ended his authority 'to impose any COVID-19 related restrictions' under the earlier emergency declaration and rescinded his COVID-19 emergency orders issued pursuant to the Civil Defense Act too."). Another relied on a *factual* assertion that established diversity jurisdiction. *TCF Nat. Bank v. Mkt. Intel., Inc.*, 812 F.3d 701, 705 (8th Cir. 2016) ("This court has diversity jurisdiction. Appellee asserts in a Federal Rules of Appellate Procedure 28(j) letter that Defendant LSI Appraisal, LLC's sole constituent member at the time of removal was LPS Property Tax Solutions, Inc., a Delaware corporation with the principal place of business located in Florida.").

The throughline in these cases is not that they go to jurisdiction but that they concern matters that the parties cannot dispute. *See, e.g.*, *Redfern v. Napolitano*, 727 F.3d 77, 83 (1st Cir. 2013) (court took judicial notice of factual assertions in 28(j) letter because, while opposing counsel objected to introduction of that evidence through a 28(j) letter, they were "willing to accept as true" certain factual assertions); *United States v. Townsend*, 886 F.3d 441, 444 & n.2 (4th Cir. 2018) (following government's filing of 28(j) letter, stating, "We may take judicial notice of facts outside the record where the fact may not be reasonably disputed and is relevant and critical to the matter on appeal.") (quotations omitted).

The material included in Plaintiffs' 28(j) letter contained statements of government officials that bear directly and importantly on the matter before the Court and thus are properly before the Court. Particularly given that there are other means that parties may introduce newly arising factual assertions—*e.g.*, Rule 10(e) (Correction of Modification of the Record), and Rule 27(a)(2)(b) (Accompanying Document to a motion)—it elevates form over substance to contend that this important newly arising evidence cannot be considered—and indeed the City's argument is wrong on the "form" as well. Factual assertions of this kind can be properly considered in a 28(j) letter, as numerous courts have found.

Like the Streisand Effect,[1] the City's assiduousness in seeking to shield the

---

[1] https://en.wikipedia.org/wiki/Streisand_effect.

Court from its eyebrow-raising acts hurts, rather than helps, its cause. The City has made representations about the district court that the district court itself called "patently false." Doc. 101 at 10. The district court elsewhere stated that the City's explanation of the district court's analysis was "at best inaccurate, and at worst disingenuous." *Id.* at 7. And the City's officers continue to question the very legitimacy of the judiciary itself. *See* Joshua Ceballos, WLRN, https://www.wlrn.org/government-politics/2023-08-03/miami-joe-carollo-federal-judge-tv (Aug. 3, 2023) (Commissioner Carollo stating, "The most ironic thing in all of this, is that this judge, who lives in Coral Gables . . . It's incredible that someone from Coral Gables, and outsiders, are gonna make decisions for the residents of Miami.").

This approach has complicated the City's assertions to this Court as well. The City asserts, without any record evidence in support, that it "had over a month to work with its Geographic Information Systems team to put the information together for the County. With the Mandated Map, the County would have to start from scratch." App. Doc. 12 (City's Reply in support of Emergency Motion to Stay Order Rejecting Districting Map) at 9 n.3. Plaintiffs submitted information from the County demonstrating that the City has not been working with the County for months to implement its new map, but rather sent the plan files to the County *three days ago, after Plaintiffs provided the County with the district court-ordered plan*.

App. Doc. 13 (Plaintiffs' first 28(j) letter) at 7; Ex. 1 (Aug. 1 email from County Elections Department requesting the City "provide us with a copy of the map that was approved by the City of Miami in June").

The City also asserts that "the plan mandated by the Court is just a picture of a map without underlying data at a block level as would be necessary for the Elections Department to act." App. Doc. 12 (City's Reply) at 7 n.1; *contra* Doc. 82 (Plaintiffs' Notice of Filing Exhibits in Support of Plaintiffs Objections to the City Proposed Remedial Plan) at 3 (link to publicly accessible website where court-mandated plan P4 is available for download in KML GIS file format). While the City claims the Elections Department lacks the needed files, the information Plaintiffs submit show the Elections Department is already preparing to implement the court-ordered map *as we speak*. App. Doc. 13 (Plaintiffs' first 28(j) letter) at 2 (Miami-Dade Elections Department spokesperson confirming, "we can do certain preliminary work with both sets of maps while waiting for an order from the Appellate Court").[2]

This Court should deny the City's motion to strike.

---

[2] *See also* Joey Flechas, *Decision on Miami Voting Map Rests with Federal Appeals Court. Here Are the Arguments*, MIA. HERALD (updated Aug. 2, 2023, 12:13 PM), https://www.miamiherald.com/article277869183.html ("'The department is waiting for a decision from the appellate court, which we hope to receive by August 2nd, so that we can proceed with preparing for the city's November 7th election, including making any necessary changes to precinct boundaries and polling locations in time for the election,' said Vanessa Innocent, a spokesperson for the department.").

Respectfully submitted this 4th day of August, 2023,

/s/ Daniel B. Tilley

| | |
|---|---|
| Nicholas L.V. Warren (FBN 1019018) **ACLU Foundation of Florida** 336 East College Avenue, Suite 203 Tallahassee, FL 32301 (786) 363-1769 nwarren@aclufl.org | Neil A. Steiner* **Dechert LLP** Three Bryant Park 1095 Avenue of the Americas New York, NY 10036 (212) 698-3822 neil.steiner@dechert.com |
| Caroline A. McNamara (FBN 1038312) Daniel B. Tilley (FBN 102882) **ACLU Foundation of Florida** 4343 West Flagler Street, Suite 400 Miami, FL 33134 (786) 363-2714 cmcnamara@aclufl.org dtilley@aclufl.org | Christopher J. Merken **Dechert LLP** Cira Centre 2929 Arch Street Philadelphia, PA 19104 (215) 994-2380 christopher.merken@dechert.com |

*Not admitted in the Eleventh Circuit*

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

This response complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 978 words, excluding the parts that can be excluded. This response also complies with Federal Rule of Civil Procedure 32(a)(5)-(6) because it has been prepared in a proportionally spaced face using Microsoft Word, 14-point Times New Roman font.

Dated: August 4, 2023                                       /s/ Daniel B. Tilley
                                                            Daniel B. Tilley