No. 23-12472

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

GRACE, INC., ET AL.,

*Plaintiffs-Appellees,*

v.

CITY OF MIAMI,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Southern District of Florida, No. 1:22-cv-24066 (Moore, J.)

## PLAINTIFFS-APPELLEES' MOTION TO STAY FURTHER APPELLATE PROCEEDINGS

Nicholas L.V. Warren
**ACLU FOUNDATION OF FLORIDA**
1809 Art Museum Drive, Ste. 203
Jacksonville, FL 32207
(786) 363-1769
nwarren@aclufl.org

Christopher J. Merken
**DECHERT LLP**
Cira Centre, 2929 Arch Street,
Philadelphia, PA 19104
(215) 994-4000
christopher.merken@dechert.com

Daniel B. Tilley
Caroline A. McNamara
**ACLU FOUNDATION OF FLORIDA**
4343 West Flagler Street, Ste. 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

*Attorneys for Plaintiffs-Appellees*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Per Rule 26.1 and Circuit Rule 26.1, Appellees certify that the following have an interest in the outcome of this appeal:

1. Abott, Carolyn, *Testifying Expert for Plaintiffs-Appellees*

2. ACLU Foundation of Florida, Inc., *Counsel for Plaintiffs-Appellees*

3. Alford, John, *Testifying Expert for Defendant-Appellant*

4. Bardos, Andy, *Counsel for Defendant-Appellant*

5. Carollo, Joe, *Defendant-Appellant*

6. City of Miami, *Defendant-Appellant*

7. Cody, Steven, *Consultant for Defendant-Appellant*

8. Contreras, Alexandra, *Plaintiff-Appellee*

9. Cooper, Clarice, *Plaintiff-Appellee*

10. Covo, Sabina, *Defendant-Appellant*

11. De Grandy, Miguel, *Consultant for Defendant-Appellant*

12. Dechert LLP, *Counsel for Plaintiffs-Appellees*

13. Díaz de la Portilla, Alex, *Defendant-Appellant*

14. Engage Miami, Inc., *Plaintiff-Appellee*

15. GrayRobinson, P.A., *Counsel for Defendant-Appellant*

16. Grove Rights and Community Equity, Inc. (GRACE), *Plaintiff-Appellee*

17. Greco, John A., *Counsel for Defendant-Appellant*

18. Johnson, Christopher N., *Counsel for Defendant-Appellant*

19. Johnson, Jared, *Plaintiff-Appellee*

20. Jones, Kevin R., *Counsel for Defendant-Appellant*

21. King, Christine, *Defendant-Appellant*

22. Levesque, George T., *Counsel for Defendant-Appellant*

23. Lopez, Janine M., *Counsel for Plaintiffs-Appellees*

24. Luib, Gregory, *Counsel for Plaintiffs-Appellees*

25. Markham-Cameron, Julia, *Counsel for Plaintiffs-Appellees*

26. McCartan, Cory, *Testifying Expert for Plaintiffs-Appellees*

27. McNamara, Caroline A., *Counsel for Plaintiffs-Appellees*

28. McNulty, Kerri L., *Counsel for Defendant-Appellant*

29. Méndez, Victoria, *Counsel for Defendant-Appellant*

30. Merken, Christopher J., *Counsel for Plaintiffs-Appellees*

31. Miami-Dade Branch of the NAACP, *Plaintiff-Appellee*

32. Moore, K. Michael, *United States District Judge, Southern District of Florida*

33. Moy, Bryant J., *Testifying Expert for Plaintiffs-Appellees*

34. NAACP Florida State Conference, *State Affiliate of Plaintiffs-Appellees*

35. Quintana, Marlene, *Counsel for Defendant-Appellant*

36. Reyes, Manolo, *Defendant-Appellant*

37. National Association for the Advancement of Colored People (NAACP), *National Affiliate of Plaintiffs-Appellees*

38. South Dade Branch of the NAACP, *Plaintiff-Appellee*

39. Steiner, Neil A., *Counsel for Plaintiffs-Appellees*

40. Suarez, Francis X., *Defendant-Appellant*

41. Tilley, Daniel B., *Counsel for Plaintiffs-Appellees*

42. Unger, Jason L., *Counsel for Defendant-Appellant*

43. Valdes, Yanelis, *Plaintiff-Appellee*

44. Warren, Nicholas L.V., *Counsel for Plaintiffs-Appellees*

45. Wysong, George, *Counsel for Defendant-Appellant*


Plaintiffs-Appellees certify that GRACE, Inc.; Engage Miami, Inc.; South Dade Branch of the NAACP; and Miami-Dade Branch of the NAACP each has no parent corporation, and no publicly held corporation owns 10% or more of any of those entities' stock. The remaining Plaintiffs-Appellees are individual persons.

Plaintiffs-Appellees further certify that no publicly traded company or corporation has an interest in the outcome of this case or appeal.

## PLAINTIFFS-APPELLEES' MOTION TO STAY APPEAL

Plaintiffs-Appellees ("Plaintiffs") move to stay further appellate proceedings until entry of a final judgment by the district court in the case below or until May 1, 2024, whichever comes first.

## PROCEDURAL BACKGROUND

1.      On December 15, 2022, Plaintiffs filed a complaint for declaratory and injunctive relief against Defendant-Appellant the City of Miami ("City"), alleging that the City's 2022 redistricting plan violates the U.S. Constitution as racially gerrymandered. Doc. 1.

2.      On May 23, 2023, the district court issued a preliminary injunction enjoining the City from using its 2022 redistricting plan, and providing the City an opportunity to submit a proposed interim remedial plan for the Court's review. Doc. 60.

3.      While the City initially appealed that preliminary injunction, it later voluntarily dismissed its appeal. *GRACE, Inc. v. City of Miami*, No. 23-11854 (11th Cir. July 13, 2023).

4.      The City enacted a new redistricting plan on June 14, 2023, and submitted it to the district court thereafter. Doc. 77.

5.      On July 30, 2023, the district court rejected the City's proffered remedy and imposed a redistricting plan proposed by the Plaintiffs as the district court's

1

interim remedy to be used until entry of final judgment. Doc. 94.

6. The City appealed the district court's interim remedial order on July 30, and on July 31 filed an emergency motion to stay the district court's order. App. Docs. 1–2.

7. On August 4, 2023, this Court granted the City's emergency motion, staying the district court's interim remedial order pending resolution of this appeal. App. Doc. 25.

8. Subsequently in this appeal, the City sought and received a 30-day extension of its initial brief, which it filed on October 11, 2023. App. Doc. 36. Plaintiffs similarly sought and received a 30-day extension on their brief, which is currently due on December 13. App. Dkt. Entry Dated Oct. 20, 2023. The City's reply brief will be due on January 3, 2024, though it may be entitled to a 30-day extension to February 2, 2024. FRAP 31(a)(1); Circuit Rule 31-2(a). The City has requested oral argument. App. Doc. 36.

9. Meanwhile, the district court proceedings have continued, and a trial on the merits of Plaintiffs' claims is scheduled for January 29, 2024. Doc. 32. The district court has indicated it is committed to that schedule and to rendering a final judgment promptly afterward. On September 12, 2023, the district court denied the City's motion to stay district-court proceedings pending the resolution of this appeal. Doc. 112. In that order, the district court agreed with Plaintiffs that they "ought to

receive a trial on the merits of their claims at the soonest possible date so that they do not have to wait years for effective relief." *Id.* at 6. Plaintiffs have indicated they will seek special elections to be held in November 2024, which, if granted, would necessitate a final judgment promptly following trial. Doc. 111 at 6.[1]

## ARGUMENT

A preliminary injunction is dissolved by the entry of a final judgment, mooting any appeal of the preliminary injunction. *Harper ex rel. Harper v. Poway Unified Sch. Dist.*, 549 U.S. 1262 (2007); *SEC v. First Fin. Grp. of Tex.*, 645 F.2d 429, 433 (5th Cir. Unit A May 20, 1981) ("Once an order of permanent injunction is entered . . . , the order of preliminary injunction is merged with it, and appeal is proper only from the order of permanent injunction."); *Fundicao Tupy S.A. v. United States*, 841 F.2d 1101, 1103 (Fed. Cir. 1988) (quoting 7 J. Moore, J. Lucas, K. Sinclair, Jr., MOORE'S FED. PRAC. ¶ 65.07 at 65-114 to 65-115 (2d ed. 1987)); *Interlocutory Injunction Appeals—In General*, 16 FED. PRAC. & PROC. JURIS. § 3921 (3d ed.) ("[A]n appeal actually taken from an interlocutory injunction ruling can be mooted by grant or denial of a permanent injunction.").

Thus, the instant appeal will be mooted when the district court enters a final judgment. Because briefing for this appeal will conclude (at the earliest) less than a

---

[1] If the district court denies Plaintiffs' request for special elections, the next regularly scheduled City of Miami elections are in November 2025.

month before the trial, it is a near certainty that this Court will not hear arguments and rule before the district court enters a final judgment.[2] On the current schedule, the parties and their attorneys will expend resources preparing for briefing and argument on an appeal that will likely become moot in just a few months. Likewise, the Court will waste judicial resources reviewing briefs, preparing for argument, and drafting an opinion that will likely be mooted before it is issued. Granting this motion is therefore in the interest of judicial economy.

Staying further appellate proceedings will prejudice no party. The district court's interim remedial order is stayed, and the City is implementing its preferred redistricting plan in the meantime. No party has sought expedited review of this case, so granting this motion would not conflict with any pending motion to expedite. Should the district court *not* promptly issue a final judgment following the January 29, 2024 trial, the stay would lift in six months—on May 1, 2024—permitting resolution of this appeal after that time.

Plaintiffs' counsel conferred with counsel for Defendant regarding this motion during an in-person conference on October 2. Plaintiffs' counsel again raised the issue by email on October 6, and the City's counsel then represented that the City opposes this motion, and will promptly file an objection.

---

[2] If the City seeks a 30-day extension on its reply brief, briefing will conclude *after* the trial is scheduled to begin.

4

WHEREFORE, Plaintiffs-Appellees respectfully request the Court stay further appellate proceedings until entry of a final judgment in the district court or until May 1, 2024, whichever comes first.

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this motion compliance with the type-volume requirements of Rule 27(d)(1)(E). This motion contains 962 words.

Respectfully submitted this 25th day of October, 2023,

 /s/ Nicholas L.V. Warren

Nicholas L.V. Warren
**ACLU FOUNDATION OF FLORIDA**
1809 Art Museum Drive, Ste. 203
Jacksonville, FL 32207
(786) 363-1769
nwarren@aclufl.org

Christopher J. Merken
**DECHERT LLP**
Cira Centre, 2929 Arch Street,
Philadelphia, PA 19104
(215) 994-4000
christopher.merken@dechert.com

Daniel B. Tilley
Caroline A. McNamara
**ACLU FOUNDATION OF FLORIDA**
4343 West Flagler Street, Ste. 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

*Counsel for Plaintiffs-Appellees*